**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARGALIE JEAN-BAPTISTE and FRANTZ BARRON, | : : : : | Civil Action No. 07-6169 (SRC) |
| Plaintiffs, | : : | |
| v. | : : | **OPINION** |
| PIERRE LESPINASSE, M.D., et al., | : : | |
| Defendants. | : : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court by the January 22, 2008 motion to dismiss Plaintiffs Margalie Jean-Baptiste and Frantz Barron's (collectively, "Plaintiffs") complaint for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) by Defendant the United States ("Defendant United States") [docket item #4]. Despite two extensions being granted by this Court [docket items #5 & #10], no opposition to this motion was filed. Defendant University of Medicine and Dentistry of New Jersey ("Defendant UMDNJ") also filed two motions to dismiss in this matter. The first, filed as a cross-motion, is a motion to dismiss Plaintiff's complaint for failure to comply with the New Jersey Tort Claims Act [docket item #8]. Despite the return date being extended by the Court [docket item #12], no opposition was filed. The second is a motion to dismiss for failure to produce an affidavit of merit as to Defendant UMDNJ [docket item #11]. No extensions for filing opposition were given regarding this motion, and no opposition was filed. The Court has considered the papers

filed by Defendant United States and Defendant UMDNJ in support of their motions, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motions based on the papers submitted. For the reasons that follow, the Court grants Defendant United States' motion and remands the case to the Superior Court of New Jersey for resolution of all remaining issues. This determination obviates the need to address Defendant UMDNJ's motions, which relate to state law claims.

I.   BACKGROUND

The underlying complaint alleges that Dr. Pierre Lespinasse negligently and improperly performed tubal ligation surgery on Plaintiff Margalie Jean-Baptiste on or about July 27, 2005, resulting in her giving birth to an eighth child. According to the complaint, Plaintiff Franz Barron is Plaintiff Jean-Baptiste's common law husband under Haitian law. At the time of the surgery, Dr. Lespinasse was employed by Newark Community Health Centers, which, according to Plaintiffs, is a subset of UMDNJ. Plaintiffs also allege that Jean-Baptiste has required plastic surgery due to the final pregnancy, Plaintiffs' relationship has suffered as Barron is "overwhelmed by all the children[,]" and the seven older children have suffered "due to a lack of income that the expenses raised for the [eighth] child[.]" They further allege that Dr. Lespinasse "misrepresented the procedure and misperformed the procedures" and that UMDNJ negligently failed to properly supervise Dr. Lespinasse. Jean-Baptiste also makes a claim "for the pain and suffering of being pregnant" stating that she "has been forced to undergo psychiatric assistance because of this event." Finally, Plaintiffs state that Defendants failed to keep proper medical records of the tubal ligation procedure.

The United States removed the case to this Court on December 28, 2007 and substituted the United States of America for then-Defendants Pierre Lespinasse, M.D. and Newark Health Centers, Inc., as the latter two Defendants were employees of the United States who were acting within the scope of their employment.  In the motion presently under review, Defendant United States asserts that this Court lacks subject matter jurisdiction, because Plaintiffs failed to comply with administrative claim procedures under the Federal Tort Claims Act, and the Court lacks personal jurisdiction, because Plaintiffs failed to properly effectuate service of process.

**II.    LEGAL ANALYSIS**

    **A.    Standard of Review**

A defendant may move to dismiss a complaint under Fed. R. Civ. P. 12(b)(1) for "lack of subject matter jurisdiction[,]" Fed. R. Civ. P. 12(b)(2) for "lack of personal jurisdiction[,]" and Fed. R. Civ. P. 12(b)(3) for "improper venue[.]"  In the case at hand, dismissal under Fed. R. Civ. P. 12(b)(1) is all that needs to be addressed.  Under most circumstances, when "matters outside the pleadings are presented to . . . the court, the motion [must] be treated as one for summary judgment [under Rule 56]."  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Fed. R. Civ. P. 12(c), which has since been amended and is now substantively Fed. R. Civ. P. 12(d)).  However, motions to dismiss under Rule 12(b)(1) receive different treatment, because they raise "a factual question about whether a court has jurisdiction[.]"  Id.  In addressing a 12(b)(1) motion, "the trial court may examine facts outside the pleadings and thus 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the

case.'" Id. (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  Furthermore,

> in such a circumstance, a trial court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982). Unlike the procedure governing summary judgment, under a Rule 12(b)(1) motion to dismiss "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891.

Id.  As such, the Plaintiff bears the burden of proof.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

### B. Discussion

Suits against the United States are only possible under limited circumstances.  "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted); see also Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008) (restating this principle).  For courts to have subject matter jurisdiction over suits against the United States, a specific Congressional waiver of sovereign immunity is therefore required.  Jaffee v. United States, 592 F.2d 712, 718 (3d Cir.), cert. denied, 441 U.S. 961 (1979).

Under the Federal Tort Claims Act ("FTCA"), the United States waived its sovereign immunity and granted the United States District Courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

> circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674. As such, under most circumstances, an injured party can seek tort damages against the United States but not against an individual federal employee acting within the scope of his or her employment. United States v. Smith, 499 U.S. 161-62 (1991). The FTCA calls for the substitution of the United States for the individual employee when the employee is sued directly for actions that occurred within the scope of his or her employment. 28 U.S.C. § 2679(d)(2).

The FTCA's waiver of sovereign immunity is limited and is strictly construed. Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989). The FTCA has mandatory administrative claim procedures with which a plaintiff must comply prior to filing suit; if they are not followed, sovereign immunity is not waived, and the Court lacks subject matter jurisdiction over plaintiff's claim. 28 U.S.C. §§ 2401(b), 2675(a); see Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). These mandatory administrative procedures cannot be waived, Roma, 344 F.3d at 362, and are as follows. The first provision provides that,

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The second provision similarly provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his

> claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).  Dismissal is required when a party fails to comply with these provisions.  Peterson v. United States, 694 F.2d 943, 495 n.5 (3d Cir. 1982).

In the case at hand, the proper agency to which an administrative claim should be presented is the Department of Health and Human Services, as the Newark Community Health Centers, Inc., Dr. Lespinasse's employer, had Federal Tort Claims Act malpractice coverage at the time of the underlying incident.  (Decl. of Meredith Torres ¶¶ 5-6.)  The Complaint does not indicate whether Plaintiffs presented an administrative claim to the Department of Health and Human Services or another agency prior to filing suit.  (Pls.' Compl. in Notice of Removal, Ex. A [docket item #1].)  Further, after searching its records, the Department of Health and Human Services found no record of receipt of any such administrative claim.  (Decl. of Meredith Torres ¶¶ 2-4.)  The underlying incident occurred "on or about July 27, 2005."  (Compl. Count 1, ¶ 7.)  No administrative claim was presented within two years of that date, so Plaintiffs failed to comply with 28 U.S.C. § 2401(b) or 28 U.S.C. § 2675(a).  Dismissal is therefore required, as Plaintiff's failure to comply with these provisions renders this Court without subject matter jurisdiction.  See Peterson, 694 F.2d at 495 n.5.

Dismissal of the claims against Defendant United States leaves remaining state law claims against Defendant UMDNJ and unnamed Defendants Dr. John Doe and Dr. Jane Doe.  However, as stated above, this Court lacks subject matter jurisdiction over the underlying action.

In situations such as this, where "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). The remaining state law claims are therefore remanded to the Superior Court of New Jersey, Law Division, Essex County.

### III. CONCLUSION

For the foregoing reasons, this Court grants Defendant United States' motion to dismiss, dismissing with prejudice all claims against Defendant United States within Plaintiffs' complaint. As this Court lacks subject matter jurisdiction over this matter, all remaining claims are remanded to the Superior Court of New Jersey, Law Division, Essex County. An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: April 10, 2008